UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
COLLEEN DWYER,

                Plaintiff,         11-CV-6201

      v.                          **DECISION AND ORDER**

ROCHESTER CITY SCHOOL DISTRICT AND
SUPERVISOR PAUL LINDSLEY, INDIVIDUALLY,
AS AIDER AND ABETTOR

                Defendant,
_____

    Plaintiff, Colleen Dwyer ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 and the New York State Human Rights Law alleging gender discrimination and a violation of the Equal Protection Clause against the Rochester City School District ("the District") and Supervisor Paul Lindsley ("Lindsley"). (Docket No. 1.)  Lindsley was terminated as a Defendant in this case pursuant to a Stipulation and Order filed on August 27, 2012, after discovery revealed that Lindsley did not engage in the conduct of which Plaintiff complains and that other employees of the District were responsible for certain actions alleged in the complaint that were attributed to Lindsley. Briggs Decl. ¶¶ 7-9, Docket No. 14. Plaintiff now maintains a claim for a violation of Equal Protection against the District only.  Plaintiff's only state law claim was brought against Lindsley, therefore, it is dismissed with prejudice.

    Defendants move for an order imposing sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and an

award of costs and attorney's fees, based on Plaintiff's and her attorney's "filing and maintaining a complaint which contains false and/or misleading representations of material fact to the court." (Docket No. 14.) Defendants specifically contend that the following statements in the complaint are false and/or misleading:

Paragraphs 11 and 23: "Plaintiff enjoyed a stellar work record during her tenure," and Plaintiff provided "nearly 30 years of exemplary service."

Paragraph 14: "Plaintiff was the *only* clerical worker to receive an employee evaluation from Supervisor Lindsley."

Paragraph 49: "Defendants [sic], though its high ranking agent[], Supervisor Lindsley, engaged in sex discrimination by subjecting Plaintiff to disparate treatment when they terminated her."

Paragraph 25: "[D]efendant maintained no written policy for employees to 'call in before 6:30 a.m.'"

In addition to discovery revealing that Lindsley was not the employee or supervisor who gave Plaintiff the alleged evaluation or recommended her termination, the Defendants contend that Plaintiff was provided with documentation during her employment which "belies [her] claim of a 'stellar work record,'" and that she received memoranda during her employment indicating that employees were required to call in to work before 6:30 a.m. Briggs Decl. at ¶¶ 6-10.  For these reasons, the Defendants request that the Court

impose sanctions for Plaintiff's having included these allegations in her complaint and award costs and attorney's fees against Plaintiff's counsel, Christina Agola. Ms. Agola responds that the imposition of sanctions is not warranted because the parties agreed to the dismissal of Lindsley as a defendant, and the remaining contentions are more appropriately resolved at the summary judgment stage.

"Under Fed.R.Civ.P. 11, sanctions may be imposed on a person who signs a pleading, motion, or other paper for an improper purpose such as to delay or needlessly increase the cost of litigation, or does so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994). Rule 11 also provides a safe harbor allowing a party to avoid sanctions prior to a motion being presented to the court, if "the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Here, it is not entirely clear what discussions took place between the parties following the Defendants' service of the instant motion on or around May 10, 2012, but shortly thereafter the parties agreed to stipulate to the dismissal of Lindsley as a

defendant, accomplished by Stipulation and Order of the Court on August 27, 2012. While Plaintiff and Ms. Agola could have withdrawn the claims against Lindsley in a more expeditious manner, the Court does not find that this short delay warrants sanctions against Ms. Agola, as the claims were eventually withdrawn prior to the instant motion being filed. Therefore, the Defendants' motion for sanctions with respect to the allegations against Lindsley is denied.

With respect to the allegations regarding Plaintiff's alleged work history and the characterization of the 6:30 a.m. call-in memoranda that Plaintiff received, the Court finds that the truth or falsity of such allegations is better resolved on a motion for summary judgment, following full discovery into the evidence supporting Plaintiff's claims, if any. Therefore, the Defendants' motion for sanctions with respect to these allegations is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                               S/ MICHAEL A. TELESCA
                                               HON. MICHAEL A. TELESCA
                                               United States District Judge

Dated:    Rochester, New York
            November 27, 2012