UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
COLLEEN DWYER,

                       Plaintiff,         11-CV-6201
      v.                               **DECISION AND ORDER**

ROCHESTER CITY SCHOOL DISTRICT

                       Defendant,
_____


## **INTRODUCTION**

Plaintiff, Colleen Dwyer ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 alleging gender discrimination in violation of the Equal Protection Clause of the United States Constitution against the Rochester City School District ("the District"). (Docket No. 1.)[1] The District now moves for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") on Plaintiff's equal protection claim. (Docket No. 22.) The District contends that the record does not contain any evidence of discrimination on the basis of Plaintiff's gender and that Plaintiff's allegations of gender discrimination are conclusory. (Def. Mem. of Law at p. 5). Plaintiff opposes the motion. (Docket No. 24.) For the reasons set forth herein, the District's motion for summary judgment is granted.

---

[1] Plaintiff also originally brought a claim pursuant to New York state law against her supervisor, Paul Lindsley. Lindsley was terminated as a Defendant in this case pursuant to a Stipulation and Order filed on August 27, 2012, and consequently, Plaintiff's state law claim was dismissed as it was brought only against Lindsley. (Docket Nos. 13, 20.)

## BACKGROUND

The following facts are taken from the parties' submissions pursuant to Local Rule 56 and the Court's review of the entire record. (Docket Nos. 22, 24.) Plaintiff was employed by the District for nearly thirty years as a "Clerk Typist," until her termination in March 2010. During the course of her employment, Plaintiff was disciplined, through written reprimands, counseling sessions and evaluations, for absences from work, tardiness and failing to follow the proper procedures for reporting absences and tardiness. Plaintiff was suspended without pay on a number of occasions for "excessive absenteeism, repeated tardiness or absence without proper notification." Plaintiff was also issued negative performance evaluations for "less than satisfactory performance."

Plaintiff admits that she was late, but disputes the dates and times that the District alleges she was either late or absent. She also offers explanations for her tardiness or her absenteeism on certain occasions and for her failure to meet work expectations with respect to particular projects. However, Plaintiff testified that she believes that the "real reason" she was terminated was because she was "allegedly late," and she admits that she was late on at least six of the days that the District alleges she was late. She testified that she didn't know if there was any connection between her termination and her gender.

After a review of the entire record, the Court has not found any evidence that Plaintiff was subjected to discrimination on the basis of her gender. There is no evidence that she was treated differently than any other similarly situated male employee or that she was subjected to gender slurs or derogatory comments on any occasion. She testified simply that she believed that people, including her supervisor, did not like her. However, she has offered no proof to establish a connection between the alleged conflicts with her coworkers and gender discrimination.

## **DISCUSSION**

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(a). On a motion for summary judgment, the court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Once the movant has " 'show[n]' " or "point[ed] out ... that there is an absence of evidence to support the nonmovant['s] case," the burden shifts to the nonmovant. See Celotex Corp. v. Catrett, 477 U.S. 317, 325-27 (1986). To discharge his burden, "a plaintiff must come forward with evidence to allow a reasonable jury to find in his

favor" on each of the elements of his prima facie case. See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir.2001).

The court must draw all factual inferences in favor of the party against whom summary judgment is sought and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmovant. See Anderson, 477 U.S. at 255; Celotex Corp., 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." See Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1776 (2007). The law is well established that "conclusory statements, conjecture, or speculation" are insufficient to defeat a motion for summary judgment. See Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir.1996).

**Equal Protection**

"An employee is denied her equal protection right to be free from gender discrimination when she is treated differently from other similarly situated employees, thus suffering 'disparate treatment because of gender.'" Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998)(quoting Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 144 (2d Cir.1993)). Claims of discrimination based on violations of equal protection are analyzed under the familiar burden-shifting framework developed for claims brought pursuant to Title VII of the Civil Rights Act of 1964. Id. (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 n. 1 (1993).

4

Initially, the plaintiff bears the burden proving a prima facie case of discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); St. Mary's, at 502-06. To establish a prima facie case of employment discrimination, a plaintiff must show (1) that she belonged to a protected class; (2) that she was qualified for the position she held; (3) that she suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2d Cir. 1997). Although the Second Circuit has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the prima facie stage is de minimis," Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2d Cir. 1995) (internal citations omitted), the Second Circuit also has noted that "[a] jury cannot infer discrimination from thin air." See Norton v. Sam's Club, 145 F.3d 114 (2d Cir.), cert. denied 525 U.S. 1001 (1998).

Here, the District contends that Plaintiff "alleges no facts and the record contains no evidence of either purposeful discrimination on the basis of sex, or that a policy existed which discriminated against female employees." (Def. Mem. of Law at 5.) Plaintiff admits in her Response to Defendants' Local Rule 56(a)(1) Statement ("Pl. Response") the she "doesn't know if there is any connection between her termination and her sex." (Pl. Response

5

¶ 25, Docket No. 24-1; Dwyer Dep. at 83.) Plaintiff testified that she believed she was fired for "personal reasons" because "certain people didn't like me." (Dwyer Dep. at 81). Plaintiff also testified that she believed the real reason she was fired was because she was allegedly late to work on several occasions. (Dwyer Dep. at 74). Plaintiff contests many of the dates and times that the District alleges she was late, but she admits that she was late on at least six occasions. (Dwyer Dep. at 75). She also offers explanations for her alleged tardiness, absenteeism, and for her poor performance on certain work projects; but she does not allege how either her actions or the District's responses are related to her gender. (Pl. Response at 10-15).

Plaintiff has not offered any evidence that her termination or any of the disciplinary actions she suffered during her employment at the District were the result of gender discrimination. Accordingly, the Court finds that Plaintiff has not satisfied her burden of establishing a prima facie case of discrimination, having failed to come forth with any evidence that she was treated differently than any similarly situated employee on the basis of her gender or any other circumstances from which the Court could infer that the disciplinary actions or her termination occurred under discriminatory circumstances. See <u>Lizardo v. Denny's, Inc.</u>, 270 F.3d 94, 104 ("The record is barren of any direct evidence of racial animus. Of course, direct evidence of discrimination is not

necessary. If there is sufficient circumstantial evidence on which to build a case, it is for the jury to determine what inferences can be drawn from that evidence. However, a jury cannot infer discrimination from thin air. Plaintiffs have done little more than cite to their mistreatment and ask the court to conclude that it must have been related to their race. This is not sufficient.")(internal citations omitted).

Therefore, because Plaintiff has not satisfied her burden of establishing a prima facie case of discrimination, the Court grants the District's motion for summary judgement.

## CONCLUSION

For the reasons set forth herein, the Court grants the District's motion for summary judgment. Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ MICHAEL A. TELESCA  
HON. MICHAEL A. TELESCA  
United States District Judge

Dated:   Rochester, New York  
         June 20, 2013